# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HEALTH CARE AND RETIREMENT** | ) | |
| **CORPORATION OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-2663-KHV** |
| **HEARTLAND HOME CARE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| **HEARTLAND HOME CARE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 04-4126-KHV** |
| | ) | |
| **HEARTLAND HOME CARE, INC. a/k/a** | ) | |
| **HCR-ManorCare,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Health Care and Retirement Corporation of America ("HCRA") filed suit in this Court against
Heartland Home Care, Inc. ("HHC"), for trademark infringement, false designation of origin and trademark
dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  In the District Court of Shawnee County,
Kansas, HHC filed suit against HCR-ManorCare, an affiliate of HCRA, alleging that HCR-ManorCare
solicited business under HHC's name in violation of Kansas law which prohibits unfair competition.  See

Heartland Home Care, Inc. v. Heartland Home Care, Inc., No. 03CV1494.[1]  The state action was removed to this Court and consolidated with the HCRA case against HHC.  For ease of reference, the Court refers collectively to plaintiff in Case No. 03-2663 (HCRA) and defendant in Case No. 04-4126 (the HCRA affiliate known as HCR-ManorCare) as HCR.  The Court refers collectively to defendant in Case No. 03-2663 and plaintiff in Case No. 04-4126 as HHC.  This matter is before the Court on HCR's motions for summary judgment.  See plaintiff's Motion For Summary Judgment (Doc. #39) filed June 10, 2005 in Case No. 03-2663; Defendant's Motion For Summary Judgment (Doc. #40) filed June 10, 2005 in Case No. 04-4126.  For reasons stated below, the motions are sustained.

## Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Anderson, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  Once the moving party meets its burden, the burden shifts to the nonmoving party to

---

[1]    Despite the caption of the state court case, HHC was the plaintiff and HCR-ManorCare was the defendant.

demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

## Factual Background

The following facts are uncontroverted, deemed admitted or, where disputed, viewed in the light most favorable to HHC, the non-movant.

HCR is the owner of United States Service Mark registration No. 1,300,002 for the mark "Heartland" in connection with "providing health care and retirement facility services." HCR obtained the registration for the mark in 1984. HCR began using the mark as early as December 11, 1975, and its first use in interstate commerce was as early as February 1, 1976. HCR has continually used the Heartland

-3-

mark throughout the United States for more than 28 years.

HCR operates two facilities in Kansas under the name Heartland Home Health Care and Hospice. HCR is authorized to use the Heartland trademark in connection with providing health care services in Kansas.[2]  HCR owns and operates more than 360 skilled-nursing facilities and assisted-living facilities throughout the United States.  It enjoys a national reputation as the preeminent health care provider in the industry.  HCR is the second largest provider of home health and hospice services in the United States with more than 90 offices in 24 states operating under its Heartland mark.  In total, HCR provides health care services through a network of more than 500 long-term care facilities, outpatient rehabilitation clinics and home health and hospice offices throughout the United States.

In September of 1997, HHC first offered health care and related services using the Heartland name.

In March of 2002, HCR applied to the Kansas Secretary of State for authorization to do business in Kansas.  The Kansas Secretary of State notified HCR that HHC, a Kansas corporation, was already using the name Heartland.  Accordingly, David K. Nees of HCR sent the Kansas Secretary of State a letter as follows:[3]

> It is our understanding that Heartland Home Care, Inc. is the name of a corporation currently existing in the state of Kansas.  One of HCR ManorCare's subsidiary corporation[s] incorporated in Ohio with the name Heartland Home Care, Inc. has an application pending to qualify to do business in Kansas.

---

[2]     HCRA is the owner of the Heartland mark.  As an affiliate of HCRA, HCR-ManorCare is authorized to use the mark in connection with providing health care services in Kansas.

[3]     Nees is associate general counsel and assistant secretary of HCR-ManorCare.  Nees is also assistant secretary for between 100 and 200 subsidiary corporations of HCR-ManorCare.

Therefore, we agree to set ourselves out as an Ohio corporation in advertising in order to distinguish ourselves from the Kansas corporation.

Exhibit B to HHC's Memorandum (Doc. #38-6).

Despite knowledge that HCR is authorized to use the Heartland mark, HHC has not ceased to use the Heartland name. HHC's use of the Heartland name and mark in providing health care and related services has caused actual confusion with HCR services and is likely to cause confusion among the consuming public.

### **Procedural Background**

On October 2, 2003, in the District Court of Shawnee County, Kansas, HHC filed suit against HCR. HHC alleged that HCR was soliciting business under HHC's name in violation of Kansas law which prohibits unfair competition. On December 12, 2003, HHC filed an amended petition in state court, again asserting a single claim of unfair competition. On January 2, 2004, HCR filed an answer and counterclaim for trademark infringement. In the counterclaim, HCR asserted that it was the owner of the Heartland mark.

On December 31, 2003, HCR filed the instant action against HHC for trademark infringement, false designation of origin and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* See Case No. 03-2663. On July 12, 2004, this Court stayed its action (Case No. 03-2663) pending the outcome of the case in state court between HHC and HCR. On October 1, 2004, however, HCR removed the state case to this Court. See Notice of Removal (Doc. #1) filed in Case No. 04-4126. The Court consolidated the two cases. See Order (Doc. #30) filed March 2, 2005 in Case No. 03-2663.

**<u>Analysis</u>**

HCR, plaintiff in Case No. 03-2663 and defendant in Case No. 04-4126, seeks summary judgment on its claim of trademark infringement and HHC's claim of unfair competition. HHC maintains that summary judgment is inappropriate on HCR's trademark infringement claim because a reasonable jury could find that HCR waived its right to enforce the Heartland mark. As to HHC's unfair competition claim, HHC maintains that a genuine issue of material fact exists whether HCR's failure to distinguish itself as an Ohio corporation, as it represented to the Kansas Secretary of State, constitutes unfair competition.

**I.      HCR's Trademark Infringement Claim**

To establish trademark infringement under the Lanham Act, 15 U.S.C. § 1114, HCR must establish that it has a valid and protected trademark, that HHC used a similar mark in commerce and that HHC's use of that mark is likely to cause confusion. <u>Team Tires Plus, Ltd. v. Tires Plus, Inc.</u>, 394 F.3d 831, 832-33 (10th Cir. 2005). HCR seeks summary judgment on its claim of trademark infringement, arguing that no genuine issue of material fact exists as to the elements of its claim and that as a matter of law, it did not waive its right to enforce the Heartland mark. HHC does not dispute that it has used HCR's valid and protected Heartland mark and that such use is likely to cause confusion, but HHC argues that summary judgment is inappropriate because a reasonable jury could find that HCR waived its right to enforce the Heartland mark against HHC.[4]

---

[4]      HHC also argues that HCR-ManorCare does not have authority to enforce the Heartland mark because it is not the registered owner of the mark. HHC's argument is well taken as to the motion for summary judgment filed by HCR in Case No. 04-4126 because HCR's counterclaim in that case is solely for trademark infringement under 15 U.S.C. § 1114 which requires that the claim be filed by the registrant of the trademark. <u>See</u> 15 U.S.C. § 1114(1) (infringer shall be liable in civil action by "the
(continued...)

Waiver is the voluntary and intentional relinquishment of a known right.  See Schraft v. Leis, 236 Kan. 28, 36, 686 P.2d 865, 873 (1984); Jones v. Jones, 215 Kan. 102, 116, 523 P.2d 743, 754 (1974). It is the expression of an intention not to insist upon what the law affords.  Id.; Flott v. Wenger Mixer Mfg. Co., 189 Kan. 80, 90, 367 P.2d 44 (1961); Howard v. Farmers Ins. Co., Inc., 5 Kan. App.2d 499, 505, 619 P.2d 160, 165 (1980).  While it is consensual in nature, the intention may be inferred from conduct, and the knowledge may be actual or constructive, but both knowledge and intent are essential elements. Id. (citing Flott, 189 Kan. at 90, 367 P.2d at 51).

To show that a reasonable jury could find that HCR waived its trademark rights, HHC relies solely on a letter that HCR sent the Kansas Secretary of State in 2002 which states as follows:

> It is our understanding that Heartland Home Care, Inc. is the name of a corporation currently existing in the state of Kansas.  One of HCR ManorCare's subsidiary corporation[s] incorporated in Ohio with the name Heartland Home Care, Inc. has an application pending to qualify to do business in Kansas.
>
> Therefore, we agree to set ourselves out as an Ohio corporation in advertising in order to distinguish ourselves from the Kansas corporation.

Exhibit B to HHC's Memorandum (Doc. #38-6).  The letter by itself does not conclusively establish whether HCR intended to waive enforcement of its trademark rights against HHC.  The letter does not mention trademark rights and simply reflects HCR's attempt to immediately start conducting business in Kansas.  Nees, the author of the letter, testified that HCR agreed to set itself out as an Ohio corporation

---

[4](...continued)
registrant").  On or before **November 15, 2005**, HCR shall show cause why the Court should not dismiss its counterclaim for trademark infringement in Case No. 04-4126 because HCR is not the registered owner of the Heartland mark.

HHC's argument as to standing, however, does not apply to the motion for summary judgment filed by HCRA in Case No. 03-2663 because HCRA is the registered owner of the Heartland mark.

so that it could do business in Kansas. <u>See</u> Nees Depo. at 31-35, 41-42, 60-61, 67-69. On its face, the letter does not address or disavow HCR's right to enforce the Heartland mark. In his deposition, Nees does not address whether HCR had any intent to give up its right to enforce the Heartland mark in Kansas against unauthorized users. Indeed, Nees disputes that the contents of the letter submitted by HHC's counsel in this case are true and accurate.[5] Based solely on the letter, a jury could not reasonably conclude that HCR voluntarily and intentionally gave up its right to enforce the Heartland mark against HHC. <u>Cf.</u> <u>Ironclad, L.P. v. Poly-America, Inc.</u>, No. 98-2600, 2000 WL 1400762, at *14 (N.D. Tex. July 28, 2000) (plaintiff's participation in program may have led defendant to reasonably believe that plaintiff consented to defendant's use of mark, but did not manifest "unequivocal intention to no longer assert the right").[6] The Court therefore sustains HCR's motion for summary judgment on its trademark infringement claim in Case

---

[5]      Nees agrees that he signed the letter submitted by HHC's counsel, but he apparently maintains that the actual contents of the letter have been cut and pasted so that it appears that he signed the letter. For purposes of HCR's motions for summary judgment, the Court assumes that the letter is authentic.

[6]      HHC has not asserted acquiescence as a defense, but in any event, the factual record does not reveal a genuine issue of material fact whether HCR acquiesced in HHC's use of the Heartland mark. Acquiescence is an equitable defense that denotes active consent by a senior user to another's use of its mark. <u>Bd. of Regents of Univ. Sys. of Ga. v. Buzas Baseball, Inc.</u>, 176 F. Supp.2d 1338, 1347 (N.D. Ga. 2001) (citing <u>Coach House Rest. v. Coach & Six Rests.</u>, 934 F.2d 1551, 1558 (11th Cir. 1991)). Acquiescence has three elements: (1) the senior user actively represented that it would not assert a right or claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused undue prejudice to defendant. <u>See id.</u> To show acquiescence, HHC must show that HCR gave it an implicit or explicit assurance which induced reliance. HHC did not discover the letter to the Kansas Secretary of State until 2004, seven years after it began using the Heartland name, and it has not established that HCR gave it any assurance which induced reliance by HHC. In sum, HHC has not demonstrated a genuine issue of material fact whether HCR acquiesced in its use of the Heartland mark.

No. 03-2663.[7]

## II.     HHC's Unfair Competition Claim

In its complaint in Case No. 04-4126, HHC alleges that HCR has used the name Heartland Health Care, Inc. in violation of Kansas law against unfair competition.  In particular, HHC alleges that after HCR agreed to differentiate itself by advertising as an Ohio corporation, it provided similar services to HHC which created consumer confusion and even confusion among state agencies.  HCR seeks summary judgment on HHC's unfair competition claim because it has a valid federal trademark for the Heartland name.  HHC maintains that a genuine issue of material fact exists whether HCR's failure to distinguish itself as an Ohio corporation, as it represented to the Kansas Secretary of State, constitutes unfair competition.

A business name in which another has a proprietary interest or which has taken on a secondary meaning is entitled to protection under the common law theory of unfair competition.  Manor of Burlingame, Inc. v. SHCC, Inc., 22 Kan. App.2d 437, 438, 916 P.2d 733, 735 (1996).  To prevail on a claim of unfair competition based on HCR's use of the Heartland mark, HHC must establish that (1) it owns a valid, protectable mark and (2) HCR's service is so similar to HHC's service that it is likely to cause consumer confusion.  See Scholfield Auto Plaza, L.L.C. v. Carganza, Inc., 26 Kan. App.2d 104, 105, 979 P.2d 144, 148 (1999); Primedia Intertec Corp. v. Tech. Mktg. Corp., 35 F. Supp.2d 809 (D. Kan. 1998).

HHC has not offered evidence that it owns a valid, protectable mark.  As explained above, HCRA owns the registered trademark for Heartland and HCRA's affiliate, HCR-ManorCare, is authorized to use

_____

[7]     HCR did not seek summary judgment on its claims in Case No. 03-2663 for false designation of origin and trademark dilution.  On or before **November 15, 2005**, HHC shall show cause why the Court should not grant summary judgment in favor of HCRA on these remaining claims.  On or before **November 22, 2005**, HCRA may file a reply on the issue.

the Heartland mark in connection with "providing health care and retirement facility services" in Kansas. Absent evidence that HCR waived its right to enforce the Heartland mark, no reasonable jury could find in favor of HHC on its unfair competition claim. HCR is entitled to summary judgment on HHC's unfair competition claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Summary Judgment (Doc. #39) filed June 10, 2005 in Case No. 03-2663 be and hereby is **SUSTAINED**. The Court grants summary judgment in favor of plaintiff in Case No. 03-2663 on its trademark infringement claim. On or before **November 15, 2005**, HCR shall show cause why the Court should not grant summary judgment in favor of HCRA on the remaining claims for false designation of origin and trademark dilution. On or before **November 22, 2005**, HCRA may file a reply on the issue.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment (Doc. #40) filed June 10, 2005 in Case No. 04-4126 be and hereby is **SUSTAINED in part**. The Court grants summary judgment in favor of defendant in Case No. 04-4126 on plaintiff's unfair competition claim. The Court overrules defendant's motion in Case No. 04-4126 as to defendant's counterclaim for trademark infringement. On or before **November 15, 2005**, HCR shall show cause why the Court should not dismiss its counterclaim for trademark infringement in Case No. 04-4126 because HCR is not the registered owner of the Heartland mark.

**IT IS FURTHER ORDERED** that trial of this matter is set for **March 7, 2006 at 9:30 a.m**.

Dated this 2nd day of November, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-10-