**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA,** <br> **Plaintiff,** <br> **v.** <br> **HEARTLAND HOME CARE, INC.,** <br> **Defendant.** | ) | **CIVIL ACTION** <br> **No. 03-2663-KHV** |
| **HEARTLAND HOME CARE, INC.,** <br> **Plaintiff,** <br> **v.** <br> **HEARTLAND HOME CARE, INC. a/k/a HCR-ManorCare,** <br> **Defendant.** | ) | **CIVIL ACTION** <br> **No. 04-4126-KHV** |

**MEMORANDUM AND ORDER**

Health Care and Retirement Corporation of America ("HCRA") filed suit in this Court against Heartland Home Care, Inc. ("HHC"), for trademark infringement, false designation of origin and trademark dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq*. In the District Court of Shawnee County, Kansas, HHC filed suit against HCR-ManorCare, an affiliate of HCRA, alleging that HCR-ManorCare solicited business under HHC's name in violation of Kansas law which prohibits unfair competition. See

Heartland Home Care, Inc. v. Heartland Home Care, Inc., No. 03CV1494.[1] The state action was removed to this Court and consolidated with the HCRA case against HHC. For ease of reference, the Court refers collectively to defendant in Case No. 03-2663 and plaintiff in Case No. 04-4126 as HHC.

On November 2, 2005, the Court sustained HCRA's motion for summary judgment in Case No. 03-2663 on HCRA's trademark infringement claim and HCR-ManorCare's motion for summary judgment in Case No. 04-4126 on HHC's unfair competition claim. See Memorandum And Order (Doc. #48). The Court also directed (1) HCR-ManorCare to show cause why the Court should not dismiss its counterclaim for trademark infringement in Case No. 04-4126 because HCR-ManorCare is not the registered owner of the Heartland mark and (2) HHC to show cause why the Court should not grant summary judgment in favor of HCRA on the remaining claims for false designation of origin and trademark dilution. See id. at 10. This matter is before the Court on Plaintiff's Motion For Entry Of A Permanent Injunction After Summary Judgment, Pursuant To 15 U.S.C. §§ 1116 And 1118 (Doc. #49) filed November 9, 2005; HCR-ManorCare's Response To Order To Show Cause (Doc. #53) filed November 15, 2005; Heartland Home Care, Inc. Response To Show Cause (Doc. #55); and Heartland Home Care, Inc.'s Motion To Reconsider The Court's Memorandum Decision (Docket #48) Based Upon Newly Discovered Evidence (Doc. #68) filed January 27, 2006. For reasons stated below, the Court defers ruling on HCRA's motion for a permanent injunction, overrules HHC's motion to reconsider, finds that HCR-ManorCare has shown cause why the Court should not dismiss its counterclaim for trademark infringement in Case No. 04-4126 and finds that HHC has not shown cause why the Court should not grant

---

[1] Despite the caption of the state court case, HHC was the plaintiff and HCR-ManorCare was the defendant.

summary judgment in favor of HCRA on the remaining claims for false designation of origin and trademark dilution in Case No. 03-2663.

## Analysis

### I. HCR's Response To Order To Show Cause (Doc. #53)

On November 2, 2005, the Court ordered HCR-ManorCare to show cause why the Court should not dismiss its counterclaim for trademark infringement in Case No. 04-4126 because HCR-ManorCare is not the registered owner of the Heartland mark. See Memorandum And Order (Doc. #48) at 10. HCR-ManorCare argues that as the exclusive authorized user of the Heartland mark in Kansas, it has standing to bring a trademark infringement claim. HHC has not filed a response to HCR-ManorCare's assertion. HCR-ManorCare's statement is sufficient to show cause why the Court should not dismiss its claims in Case No. 04-4126. At the same time, absent evidence that HCR-ManorCare is the *exclusive* authorized user of the Heartland mark, the Court cannot grant summary judgment in favor of HCR-ManorCare in Case No. 04-4126. See Quabaug Rubber Co. v. Fabiano Shoe Co., 567 F.2d 154, 159 (1st Cir. 1977) (exclusive licensee has standing to sue to enforce trademark); Calvin Klein Jeanswear Co. v. Tunnel Trading, No. 98 Civ. 5408, 2001 WL 1456577, at *5 (S.D.N.Y. Nov. 16, 2001) (licensee using mark under restrictions such as limited geographical areas falls outside statutory definition of "registrant" and may not sue for trademark infringement); Ultrapure Sys., Inc. v. Ham-Let Group, 921 F. Supp. 659, 666 (N.D. Cal. 1996) (exclusive licensee has standing where it effectively qualifies as assignee or successor of registrant); Ferrero U.S.A., Inc. v. Ozak Trading, Inc., 753 F. Supp. 1240, 1245 (D.N.J. 1991) (exclusive user of trademark can enforce trademark) (citations omitted), aff'd, 935 F.2d 1281 (3d Cir. 1991). HCR-ManorCare's claim for trademark infringement in Case No. 04-4126 remains for trial.

## II. HHC's Response To Order To Show Cause (Doc. #55)

On November 2, 2005, the Court ordered HHC to show cause why the Court should not grant summary judgment in favor of HCRA on the remaining claims for false designation of origin and trademark dilution. See Memorandum And Order (Doc. #48) at 10. In response, HHC argues that whether HCRA or HCR-ManorCare is the actual owner of the trademark is a disputed issue of fact. HHC reasons that even though HCRA originally registered the Heartland mark, HCR-ManorCare filed a pleading in state court which asserted that it owned the Heartland mark. For purposes of HCRA's summary judgment motions, however, the Court found that HCRA is the owner of the Heartland mark and that as an affiliate of HCRA, HCR-ManorCare is authorized to use the mark in connection with providing health care services in Kansas. See Memorandum And Order (Doc. #48) at 4 n.2. The fact that HCR-ManorCare may have mistakenly asserted in its original answer and counterclaim that it was the owner, rather than simply a licensee, does not alter this factual finding. Some six months after the original answer and counterclaim, HCR-ManorCare filed an amended pleading which corrected this mistake. A genuine issue of disputed fact is not created simply because a party mistakenly asserts a fact in one pleading and later amends the pleading to correct the mistake. The Court therefore finds that HHC has not shown cause why the Court should not grant summary judgment in favor of HCRA on the remaining claims in Case No. 03-2663 for false designation of origin and trademark dilution.

## III. HHC's Motion To Reconsider (Doc. #68)

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct

clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

HHC argues that the Court should reconsider its "finding of law that the letter dated March 25, 2002 had no legal significance as to the Plaintiff and Plaintiff's trademark." HHC's Memorandum (Doc. #69) at 1. HHC notes that on January 23, 2006, Ron Thornburgh, Secretary of State of Kansas, sent HCR (collectively HCRA and HCR-ManorCare) a letter which stated that it had failed to comply with its agreement to set itself out as an Ohio corporation. HHC has not explained why it could not obtain such a letter before it filed its opposition to HCR's motions for summary judgment. Accordingly, the Court cannot reconsider its prior order based on the letter.

HHC's argument also lacks substantive merit. The letter from the Secretary of State does not undermine the Court's conclusion that HCR did not waive its right to enforce the Heartland mark by its agreement in March of 2002 to hold itself out as an Ohio corporation. At most, the letter establishes that HCR may have violated its agreement with the Secretary of State under K.S.A. § 17-7301(c)(3). HHC has not asserted an action under K.S.A. § 17-7301(c)(3), and it does not appear that the statute authorizes a private party to sue for enforcement of the statute.

For these reasons, the Court overrules HHC's motion to reconsider.

**IV. HCRA's Motion For Permanent Injunction (Doc. #49)**

HCRA seeks an order which enjoins HHC from continued infringement of the Heartland mark. HHC does not dispute that under 15 U.S.C. § 1116(a), HCRA is entitled to such relief after a finding of infringement. HHC merely rehashes its argument that by the letter to the Secretary of State of Kansas in March of 2002, HCRA waived its right to enforce the Heartland mark. For reasons stated in the Court's Memorandum And Order (Doc. #46), the Court rejects HHC's argument.

HHC has not filed an objection to the form of the injunction proposed by HCRA. The Court will address the form of the injunction at the telephone status conference on **February 16, 2006 at 9:30 a.m.** To the extent either party intends to present evidence related to the form of the proposed injunction, counsel shall notify the Court at the telephone status conference and a new hearing date will be scheduled.

**IT IS THEREFORE ORDERED** that HHC has not shown cause why the Court should not grant summary judgment in favor of HCRA on the remaining claims for false designation of origin and trademark dilution. The Court therefore grants summary judgment in favor of HCRA on those claims.

**IT IS FURTHER ORDERED** that HCR-ManorCare has shown cause why the Court should not dismiss its counterclaim for trademark infringement in Case No. 04-4126 because HCR-ManorCare is not the registered owner of the Heartland mark.

**IT IS FURTHER ORDERED** that Heartland Home Care, Inc.'s Motion To Reconsider The Court's Memorandum Decision (Docket #48) Based Upon Newly Discovered Evidence (Doc. #68) filed January 27, 2006 be and hereby is **OVERRULED**.

Dated this 15th day of February, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge