# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEALTH CARE AND RETIREMENT )<br>CORPORATION OF AMERICA, )<br>                                     )<br>           **Plaintiff,**              )<br>                                     )           CIVIL ACTION<br>**v.**                                )<br>                                     )           No. 03-2663-KHV<br>HEARTLAND HOME CARE, INC., )<br>                                     )<br>           **Defendant.**             )<br>_____ ) | |

## ORDER OF PERMANENT INJUNCTION

This matter is before the Court on <u>Plaintiff's Motion for Entry of a Permanent Injunction After Summary Judgment, Pursuant to 15 U.S.C. §§ 1116 and 1118</u> (Doc. #49).  On February 16, 2006, the Court held oral argument on the motion.  Except for evidence which it presented in response to plaintiff's motion for summary judgment, defendant offered no evidence in response to plaintiff's motion for a permanent injunction.  Moreover, defendant waived any right to an evidentiary hearing to present evidence with regard to whether injunctive relief should be ordered and, if so, the form of the injunction to be issued.

For a party to obtain a permanent injunction, it must prove: (1) success on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm which the injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.  <u>Fisher v. Okla. Health Care Auth.</u>, 335 F.3d 1175, 1180 (10th Cir. 2003) (citations omitted).  Plaintiff has proven actual success on the merits: the Court has entered summary judgment in favor of plaintiff on its claims of trademark infringement, false designation of origin and trademark dilution. Defense counsel states that his client will not stop infringing plaintiff's trademark unless and until the Court

issues an injunction. Accordingly, plaintiff has shown irreparable harm unless the injunction is issued. Defendant has offered no evidence on the final two factors. Based on the summary judgment record, the Court finds that the threatened injury outweighs the harm that the injunction may cause the opposing party and that the injunction, if issued, will not adversely affect the public interest. The Court therefore finds that plaintiff is entitled to a permanent injunction. Defendant did not object to the form of the injunction which plaintiff proposed. The Court therefore adopts it in substantial part.

**IT IS HEREBY ORDERED** that beginning **February 21, 2006 at 5:00 p.m.**, Heartland Home Care, Inc., defendant in the above-captioned matter, along with its officers, agents, sales representatives, servants, employees, associates, subsidiaries, affiliates, franchisees, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or participation with any of them, **BE PERMANENTLY ENJOINED FROM**:

(1) Using the name or mark HEARTLAND either standing alone or in combination with any other word or words in connection with the marketing, promotion, and delivery of health care or related services;

(2) Using any name or mark confusingly similar to HEARTLAND to identify itself while marketing, promoting, or providing health care services anywhere in the United States;

(3) Engaging in any course of conduct likely to cause confusion, deception, or mistake, or injure plaintiff's business reputation or dilute the distinctive quality of the name and mark HEARTLAND;

(4) Engaging in any course of conduct likely to enable defendant to benefit from the valuable goodwill and reputation established in the HEARTLAND name and mark;

(5) Engaging in any course of conduct calculated or likely to mislead the public into believing that defendant's services are the same as or equivalent to plaintiff's services;

(6) Continuing to use any signage, telephone directories, or other indicia of identity bearing the HEARTLAND designation; and

(7) Using any promotional literature, labels, packaging, advertisements, letterhead, and all other printed material, or other means of publication and distribution thereof in the custody or under the control of defendant and bearing the name or mark HEARTLAND or any name or mark containing the name HEARTLAND.

**IT IS FURTHER ORDERED** that any promotional literature, labels, packaging, advertisements, letterhead, and all other printed material in the custody or under the control of defendant and bearing the name or mark HEARTLAND be delivered up and destroyed in accordance with 15 U.S.C. § 1118.

Dated this 21st day of February, 2006 at Kansas City, Kansas.

                 s/ Kathryn H. Vratil
                 KATHRYN H. VRATIL
                 United States District Judge