IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEALTH CARE AND RETIREMENT | ) | |
| CORPORATION OF AMERICA, an | ) | |
| Ohio Corporation | ) | |
| | ) | **CIVIL ACTION** |
| | ) | |
| Plaintiff, | ) | **No. 03-2663-KHV** |
| | ) | |
| v. | ) | |
| | ) | |
| HEARTLAND HOME CARE, INC., a | ) | |
| Kansas Corporation | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## FINAL JUDGMENT

This matter came before the Court on Plaintiff Health Care and Retirement Corporation's ("HCRA") motion for a permanent injunction.  On February 21, 2006, this Court granted HCRA's motion, making it effective at 5:00 PM upon the day of its entry.  This Court's decision was fully supported by the Memorandum accompanying its *Order of Permanent Injunction* (Doc # 76).

Subject to any limitations herein, the parties agree that this Court's *Order of Permanent Injunction*, together with the findings of fact and conclusions of law herein, should become the final judgment of this Court.  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      The Court has jurisdiction over the parties and the subject matter pursuant to 15 U.S.C. §§ 1114, 1121, 1125 and 28 U.S.C. §§ 1331, 1332 and 1338.

2.      Plaintiff HCRA is the owner of the rights to the mark HEARTLAND in connection with health care, home health and hospice care, nursing home care and retirement services by virtue of its continuous use since 1975 and its incontestable United States Service Mark Registration No. 1,300,002.

3.      In holding Defendant HHC liable for trademark infringement, false designation of origin and trademark dilution in Civil Action No. 03-2663-KHV (See Doc # 48 and 73, incorporated herein by reference), the Court made the following findings and conclusions:

a.      HCRA is the owner of United States Service Mark registration No. 1,300,200 for the mark "Heartland" in connection with "providing health care and retirement facility services";

b.      HCRA obtained the registration for the mark in 1984;

c.      HCRA began using the mark as early as December 11,1975, and its first use in interstate commerce was as early as February 1, 1976;

d.      HCRA has continually used the Heartland mark throughout the United States for more than 28 years;

e.      HCRA owns and operates more than 360 skilled-nursing facilities and assisted-living facilities throughout the United States;

f.      HCRA enjoys a national reputation as the preeminent health care provider in the industry;

g.     HCRA is the second largest provider of home health and hospice services in the United States with more than 90 offices in 24 states operating under its Heartland mark;

h.     In total, HCRA provides health care services through a network of more than 500 long-term care facilities, outpatient rehabilitation clinics, and home health and hospice offices throughout the United States; and

i.     HHC's use of the Heartland name and mark in providing health care and related services has caused actual confusion with HCRA's services and is likely to continue to cause confusion among the consuming public.

4.     On February 21, 2006, the Court entered an order of permanent injunction, permanently enjoining HHC from:

a.     Using the name or mark HEARTLAND either standing alone or in combination with any other word or words in connection with the marketing, promotion, and delivery of health care or related services;

b.     Using any name or mark confusingly similar to HEARTLAND to identify itself while marketing, promoting, or providing health care services anywhere in the United States;

c.     Engaging in any course of conduct likely to cause confusion, deception, or mistake, or injure Plaintiff's business reputation or dilute the distinctive quality of the name and mark HEARTLAND;

     d.      Engaging in any course of conduct likely to enable Defendant to benefit from the valuable goodwill and reputation established in the HEARTLAND name and mark;

     e.      Engaging in any course of conduct calculated or likely to mislead the public into believing that Defendant's services are the same as or equivalent to Plaintiff's services;

     f.      Continuing to use any signage, telephone directories, or other indicia of identity bearing the HEARTLAND designation; and

     g.      Using any promotional literature, labels, packaging, advertisements, letterhead, and all other printed material, or other means of publication and distribution thereof in the custody or under the control of Defendant and bearing the name or mark HEARTLAND or any name or mark containing the name HEARTLAND.

5.      No costs are awarded to either party.

6.      Entry of this judgment shall serve as a full and final adjudication of this matter on the merits.

      IT IS SO ORDERED this 13th day of March, 2006.


                          s/ Kathryn H. Vratil
                          Kathryn H. Vratil
                          UNITED STATES DISTRICT JUDGE

The parties hereby agree to the entry of the foregoing judgment and waive any rights of appeal.

APPROVED:

McCORMICK, ADAM & McDONALD, P.A.          TURNER & TURNER

By:  /s/ Ted J. McDonald                              By:  /s/ Phillip L. Turner
   Ted J. McDonald                                        Phillip L. Turner  #12577
   KS #16978                                               801 S.W. Western Ave.
   David D. Burkhead                                    Topeka, KS 66606
   KS #17323                                               785.357.6541
   9300 West 110th St.                                   785.357.5126-fax
   Corporate Woods Bldg. 55 - Ste. 470          *turneroffice@aol.com*
   Overland Park, KS  66210                         ATTORNEYS FOR
   (913) 647-0670                                          HEARTLAND HOME CARE, INC.
   (913) 647-0671 Facsimile
   *tmcdonald@mam-firm.com*
   *dburkhead@mam-firm.com*
   ATTORNEYS FOR PLAINTIFF
   HEALTH CARE AND RETIREMENT
   CORPORATION OF AMERICA